UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAZMIK HOVSEPYAN, et al., | No. 2:19-cv-00899-MCE-CKD |
| Plaintiffs, | |
| v. | ORDER |
| GEICO GENERAL INSURANCE COMPANY, | |
| Defendant. | |

Presently before the court is plaintiffs' motion to compel the production of certain documents. (ECF No. 19.) The court held a hearing on plaintiffs' motion on May 13, 2020. Sheila Pendergast appeared for plaintiffs, and Suzanne Badawi appeared for defendant. Upon review of the record, the parties' joint discovery letter, and the parties' arguments, the court FINDS AS FOLLOWS:

BACKGROUND

Plaintiffs Razmik Hovsepyan, Suren Hovsepyan, and Shushanik Paskevichyan filed the present action[1] alleging failure to act and respond to communications promptly; failure to effectuate a good faith, prompt, and fair settlement; failure to responsibly explain the denial of claim(s); and breach of implied covenant of good faith and fair dealing. (ECF No. 1-1 at 2.) The

---

[1] This diversity action was removed from state court on May 17, 2019. (ECF No. 1.)

core of plaintiffs' complaint is that defendant acted in bad faith in negotiating with plaintiffs over uninsured-coverage insurance payments.

Plaintiffs were in a car accident in February 2015, and subsequently sought insurance proceeds from their insurance carrier, defendant. The parties began disputing the amount of the insurance proceeds, and defendant retained Terence Phan, Esq. at the Law Office of Ann Marie DeFelice to represent defendant in arbitration proceedings. In March 2016 plaintiffs made the following demands from defendant: $35,423 from Razmik Hovsepyan; $36,945 from Suren Hovsepyan; and $49,229 from Shushanik Paskevichyan. Defendant initially offered less than the price demanded by plaintiffs: $17,1199.16 to Razmik Hovsepyan; $12,030 to Suren Hovsepyan; and $15,368.28 to Shushanik Paskevichyan. Defendant's offers increased, but not substantially.

Ultimately, plaintiffs' claims went to arbitration. The arbitrator awarded $21,013 to Razmik Hovsepyan, $30,745 to Suren Hovsepyan, and $29,197 to Shushanik Paskevichyan. Theses sums generally represent the middle-ground between the parties' positions.

As evidence of bad faith, plaintiffs assert that defendant had no basis to dispute their medical specials because defendant did not hire a medical examiner until the eve of arbitration. Plaintiffs allege that the initial offers that were less than their medical bills (while including pain and suffering) are particularly glaring. Additionally, plaintiffs assert that defendant should have dispersed the non-disputed amounts while the parties disputed the other portions.

Plaintiffs now move to compel production of documents reflecting communications between outside counsel and Geico employees. Plaintiffs also seek an unredacted copy of Geico's claims manual.

DISCUSSION

    1.    <u>Attorney-Client Privilege</u>

The parties first dispute whether the multiple assertions of attorney-client privilege made by defendant are proper. The court finds that defendant has established that the disputed communications were made in the course of an attorney-client relationship. Accordingly, the court DENIES plaintiffs' motion to the extent it seeks communications, as outlined in defendant's privilege log, protected by attorney-client privilege.

1    This action is predicated on diversity jurisdiction; accordingly, state law governs claims of attorney-client privilege. Fed. R. Evid. 501 (state law governs privilege regarding a claim or defense for which state law supplies the rule of decision); In re Public Utilities Com., 892 F.2d 778, 781 (9th Cir.1989). The party claiming attorney-client privilege has the burden of establishing the preliminary facts necessary to support its exercise, i.e., a communication made in the course of an attorney-client relationship. DP Pham, LLC v. Cheadle, 246 Cal. App. 4th 653, 665 (2016); Costco Wholesale Corp. v. Superior Court, 47 Cal. 4th 725, 733 (2009) "Once that party establishes facts necessary to support a prima facie claim of privilege, the communication is presumed to have been made in confidence and the opponent of the claim of privilege has the burden of proof to establish the communication was not confidential or that the privilege does not for other reasons apply." Id.

Federal Rule of Civil Procedure 26(b)(5) provides that "[w]hen a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: ... (i) expressly make the claim; and ... (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed ... in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." The party asserting the privilege or protection from disclosure bears the burden of proving the applicability of the privilege or protection to a given set of documents or communications. See, e.g., In re Grand Jury Investigation (The Corporation), 974 F.2d 1068, 1070 (9th Cir.1992); Kandel v. Brother Int'l Corp., 683 F.Supp.2d 1076, 1084 (C.D.Cal.2010). A party's "[f]ailure to provide sufficient information may constitute a waiver of the privilege." Ramirez v. County of L.A., 231 F.R.D. 407, 410 (C.D.Cal.2005).

Under California law, courts cannot require a party to submit documents for in camera review to determine if an assertion of attorney-client privilege is proper. Cal. Evid. Code § 915; Costco, 47 Cal. 4th at 732 ("Evidence Code section 915 prohibits a court from ordering in camera review of information claimed to be privileged in order to rule on the claim of privilege.").

////

////

3

Defendant provides an affidavit from Terence Phan, Esq., its counsel for the arbitration action, who is the attorney at the center of most of defendant's privilege claims.[2] Mr. Phan attests that he was "retained by Geico to defend Geico in an uninsured motorist arbitration," took actions consistent with trial preparation and advised his client about the same, and believed his communications to be protected by attorney-client privilege. Defendant therefore has made the required showing that Mr. Phan's communications were "made in the course of an attorney-client relationship" and are therefore presumed to be protected by privilege.[3] See DP Pham, LLC, 246 Cal. App. 4th at 665. The burden therefore shifts to plaintiffs to "establish the communication was not confidential or that the privilege does not for other reasons apply." Id. Plaintiffs do not meet their burden. Plaintiffs merely speculate that Mr. Phan may have been acting as an adjustor, not an attorney. Without additional evidence before the court, the undersigned finds that plaintiffs have not met their burden; the disputed documents found in the claims file are privileged and were therefore legitimately withheld.

Plaintiffs cite to Catalina Island Yacht Club v. Superior Court, for the proposition that this court should require defendant to provide a more comprehensive privilege log. 242 Cal. App. 4th 1116 (2015). Catalina involved a privilege log that "fail[ed] to provide the necessary information to rule on attorney-client and work product objections." Id. at 1120. However, Catalina is distinguishable from the present case. As an initial matter, in Catalina the court did not have a declaration from the attorney at the center of the claims of privilege who attested to his relationship with his client and the nature of his communications. Nor did Catalina involve a party seeking communications between an attorney and client related to a prior arbitration

---

[2] All communications for which defendant claims privilege involved Mr. Phan or a member of his firm.

[3] Plaintiffs argue that to assert privilege defendant has the burden to prove that "the dominant purpose of the withheld *communications* was to provide legal advice." (ECF No. 20 at 20 (emphasis added).) This is the incorrect standard. "[U]nder Costco, it is not the dominant purpose of a communication that dictates whether the attorney-client privilege is applicable; rather, the issue is what was the dominant purpose of the relationship." Cason v. Federated Life Ins. Co., 2011 WL 1807427, at *2 (N.D. Cal. May 11, 2011) (applying California law in a diversity action).

4

proceeding—a clear attorney function. Accordingly, the court in Catalina found that the privilege log was "deficient because it fail[ed] to provide sufficient information to allow . . . the court to determine whether the e-mails [were] protected." Id. at 1129. Thus, while the court in Catalina did not have sufficient facts to determine the claims of privilege, i.e., whether communications were made in the course of an attorney-client relationship, here, the court finds that defendant has satisfied its burden.

Accordingly, the court DENIES plaintiffs' motion to the extent it seeks to compel documents protected by attorney-client privilege, as outlined in defendant's privilege log.

2.  Claims Manual

The parties next dispute whether defendant must produce an unredacted copy of its claims manual. Defendant argues that requiring production of redacted portions of the manual is not "proportional to the needs of the case" pursuant to Federal Rule of Civil Procedure 26(b)(1). Plaintiffs assert that the unredacted manual is relevant to analyzing defendant's policies and the reasonableness of defendant's actions.

Courts have held similar material to be within the scope of discovery in bad-faith actions, such as the present suit. See, e.g., Glenfed Dev. Corp. v. Superior Court, 53 Cal.App.4th 1113, 1118-19, (1997) (claims manual was discoverable as extrinsic evidence of insurer's expectations may be relevant at trial); Martinez v. James River Ins. Co., 2020 WL 1975371, at *3 (D. Nev. Apr. 24, 2020) ("The case law is well settled that claims manuals are generally relevant and discoverable both for bad faith and breach of contract insurance claims.").

Considering plaintiffs' claims and the permissible scope of Rule 26, the court finds plaintiffs' requests are proportional to the needs of the present litigation, and therefore GRANTS plaintiffs' motion to compel defendant to produce an unredacted claims manual.[4] Defendant shall produce the same manual as previously provided to plaintiffs, unredacted, within 21 days of this order.

////

---

[4] Given the court's ruling, the court denies plaintiffs' request to strike attachments filed by defendant (ECF No. 21) as moot.

### 3. Attorneys' Fees

Finally, plaintiffs request attorneys' fees incurred by bringing the present motion.

Rule 37(a)(5)(A) provides that if a motion to compel is granted, the court must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees. But the court must not order this payment if:

(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A). "Discovery conduct is 'substantially justified if it is a response to a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action.'" Cervantes v. Zimmerman, 2019 WL 1598219, at *7 (S.D. Cal. Apr. 15, 2019) (quoting Devaney v. Continental Am. Ins. Co., 989 F.2d 1154, 1163 (11th Cir. 1993)).

In the present case the undersigned finds defendant's position to be substantially justified so as to preclude plaintiffs' request for attorneys' fees. Accordingly, plaintiffs' request for attorneys' fees is DENIED.[5]

CONCLUSION

Accordingly, it is HEREBY ORDERED that:

1. Plaintiffs' motion to compel defendant to produce certain documents is GRANTED IN PART AND DENIED IN PART.

2. Plaintiffs' motion is DENIED to the extent it seeks privileged communications, as evidenced in the privilege log provided by defendant, and as outlined above.

---

[5] The parties are informed that if future disputes arise in this matter the court will not automatically discount any additional request for attorneys' fees. The parties are again encouraged to utilize the undersigned's informal discovery procedures if any new dispute arises.

1        3.       Defendant shall produce an unredacted copy of its claims manual within 21 days
2 of this order.
3        4.       Plaintiffs' request for attorneys' fees is denied.
4 Dated:  May 15, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE